**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGTON DIVISION**

---

ELVIRA REYES-HERNANDEZ,

      Plaintiff,

    v.

MONSANTO COMPANY, et al.,

      Defendants.

---

No. 1:23-cv-00001-JPJ-PMS

**MEMORANDUM IN SUPPORT OF DEFENDANTS**
**MONSANTO CO. AND BAYER CORP.'S MOTION TO DISMISS FOR**
**LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ................................................................................................................... 1

BACKGROUND ..................................................................................................................... 3

    A.    The Master Settlement Agreement with Holland Law Firm ........................................... 3

    B.    Ms. Reyes-Hernandez's Enrollment Form ...................................................................... 4

    C.    Holland Law Firm's Voluntary Dismissal of Ms. Reyes-Hernandez's Personal Injury Lawsuit ....................................................................................................................... 5

    D.    Ms. Reyes-Hernandez's Civil Rights Lawsuit ............................................................... 6

LEGAL STANDARD ............................................................................................................. 6

ARGUMENT ......................................................................................................................... 7

I.    The Complaint Fails to State a § 1981 Claim Against Monsanto. ..................................... 8

    A.    The MSA Does Not Discriminate on the Basis of Alienage. ......................................... 8

    B.    The Complaint Fails to Plausibly Allege that Monsanto Interfered with Ms. Reyes-Hernandez's Right to Contract. ...................................................................................... 11

    C.    The Complaint Fails to Plausibly Allege that Ms. Reyes-Hernandez Would Have Been Eligible to Participate in the MSA But For Her Citizenship. ....................................... 13

II.    Ms. Reyes-Hernandez's § 1981 Claim Against Monsanto Is Time-Barred Under Virginia's Two-Year Statute of Limitations. .................................................................... 14

III.    Ms. Reyes-Hernandez Lacks Standing to Pursue Relief on Behalf of All Non-Citizens.. 17

CONCLUSION ....................................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                **Page(s)**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................6, 7, 8

*Best Med. Int'l, Inc. v. Wells Fargo Bank, N.A.*,
   937 F. Supp. 2d 685 (E.D. Va. 2013) ...................................................................13

*Bilello v. Kum & Go, LLC*,
   374 F.3d 656 (8th Cir. 2004) ................................................................................17

*Bongam v. Action Toyota, Inc.*,
   14 F. App'x 275 (4th Cir. 2001) ...........................................................................11

*Camara v. Schwan's Food Mfg., Inc.*,
   No. 04-CV-00121, 2005 WL 1950142 (E.D. Ky. Aug. 15, 2005) ...........................9

*Carpenter v. Barber*,
   No. 3:17-cv-523, 2018 WL 6440884 (E.D. Va. Dec. 7, 2018)...............................12

*Chardon v. Fernandez*,
   454 U.S. 6 (1981)...................................................................................................16

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*,
   140 S. Ct. 1009 (2020)...........................................................................................13

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006)...............................................................................................17

*De Reyes v. Waples Mobile Home Park Ltd. P'ship*,
   205 F. Supp. 3d 782 (E.D. Va. 2016), *vacated in part on other grounds*, 903
   F.3d 415 (4th Cir. 2018) ..........................................................................................9

*De Reyes v. Waples Mobile Home Park Ltd. P'ship*,
   251 F. Supp. 3d 1006 (E.D. Va. 2017), *vacated in part on other grounds*, 903
   F.3d 415 (4th Cir. 2018) ..........................................................................................9

*Denny v. Elizabeth Arden Salons, Inc.*,
   456 F.3d 427 (4th Cir. 2006) ................................................................................11

*Falwell v. City of Lynchburg*,
   198 F. Supp. 2d 765 (W.D. Va. 2002) ...................................................................18

*Goodman v. Lukens Steel Co.*,
   482 U.S. 656 (1987)..........................................................................................14, 16

*Hummer v. Dalton,*
    657 F.2d 621 (4th Cir. 1981) ...........................................................................17

*Jackson v. Michalski,*
    No. 3:10-cv-00052, 2011 WL 3679143 (W.D. Va. Aug. 22, 2011) .........................................7

*James v. Cir. City Stores, Inc.,*
    370 F.3d 417 (4th Cir. 2004) ........................................................................15, 16

*Jones v. R.R. Donnelley & Sons Co.,*
    541 U.S. 369 (2004).................................................................................14

*Melvin v. U.S.A. Today,*
    No. 3:14-CV-00439, 2015 WL 251590 (E.D. Va. Jan. 20, 2015) ....................................11, 12

*Moose Lodge No. 107 v. Irvis,*
    407 U.S. 163 (1972)................................................................................17

*Nadendla v. WakeMed,*
    24 F.4th 299 (4th Cir. 2022) .......................................................................7, 13

*Nnadozie v. Genesis HealthCare Corp.,*
    730 F. App'x 151, 157 (4th Cir. 2018) ...................................................................9

*Ofoche v. Apogee Med. Grp., P.C.,*
    No. 4:18-cv-00006, 2018 WL 4512076 (W.D. Va. Sept. 20, 2018).........................................9

*Patterson v. McLean Credit Union,*
    491 U.S. 164 (1989)................................................................................15

*Resendiz v. Exxon Mobil Corp.,*
    No. 5:20-cv-00692-M, 2021 WL 4444718 (E.D.N.C. Sept. 28, 2021) ....................................9

*Rountree v. Clarke,*
    No. 7:11-CV-00572, 2014 WL 4923964 (W.D. Va. Mar. 24, 2014) .....................................17

*Saint Francis Coll. v. Al-Khazraji,*
    481 U.S. 604, 613 (1987)............................................................................8

*Streno v. Shenandoah Univ.,*
    278 F. Supp. 3d 924 (W.D. Va. 2017) .................................................................8

*Town of Chester v. Laroe Ests., Inc.,*
    581 U.S. 433 (2017)................................................................................17

*United States ex rel. Oberg v. Penn. Higher Educ. Assistance Agency,*
    745 F.3d 131 (4th Cir. 2014) ........................................................................3

*Vaughn v. City of N.Y.*,
   No. 06-CV-6547 (ILG), 2010 WL 2076926 (E.D.N.Y. May 24, 2010) .................................. 9

*Veney v. Wyche*,
   293 F.3d 726 (4th Cir. 2002) ...................................................................................................... 7

**Statutes**

28 U.S.C. § 1658 ................................................................................................................... 14, 15

42 U.S.C. § 1981 ...................................................................................................... *passim*

**Other Authorities**

American Cancer Society, *Key Statistics for Non-Hodgkin Lymphoma*,
   https://www.cancer.org/cancer/non-hodgkin-lymphoma/about/key-
   statistics.html (last revised Jan. 12, 2023) ............................................................................... 3

Fed. R. Civ. P. Rule 12(b) .......................................................................................... 3, 6, 7, 18

Press Release, Bayer, Bayer Announces Agreements to Resolve Major Legacy
   Monsanto Litigation (June 24, 2020), https://www.bayer.com/media/bayer-
   announces-agreements-to-resolve-major-legacy-monsanto-litigation; .................................. 13

Press Release, Bayer, Bayer Announces Five-Point Plan to Effectively Address
   Potential Future Roundup Claims (May 27, 2021),
   https://www.bayer.com/media/bayer-announces-five-point-plan-to-
   effectively-address-potential-future-rounduptm-claims ....................................................... 13

**INTRODUCTION**

After failing to completely fill out the requisite Enrollment Form, Ms. Reyes-Hernandez was excluded from a Master Settlement Agreement ("MSA") that Monsanto and Bayer (collectively, "Monsanto") negotiated with her law firm. That exclusion is not a civil rights violation.

Ms. Reyes-Hernandez is one of tens of thousands of individuals who have sued Monsanto alleging that Roundup — a herbicide that regulators throughout the world have repeatedly concluded does not cause cancer — caused her to develop a common blood cancer known as non-Hodgkin's lymphoma. Monsanto does not have any safety concerns about Roundup, but as a means of managing litigation risk, it has settled thousands of claims by entering into settlement agreements with various plaintiff law firms to resolve eligible cases that those firms filed.

This lawsuit arises out of the MSA between Monsanto and Holland Law Firm. That MSA conditioned participation on a number of factors, two of which are relevant here. *First*, participation was contingent on submission of a fully completed Enrollment Form that included, among other things, identification of the Roundup Products to which she was allegedly exposed. *Second*, as a means of preventing those who used or were exposed to Roundup outside of the United States from availing themselves of the U.S. courts in lieu of their home courts, the parties agreed that, to be eligible, claimants had to be citizens or legal residents who used or were exposed to Roundup within the United States. Any claimant who was ineligible to participate or who chose not to accept the terms of the deal was not required to dismiss his or her lawsuit and could continue to pursue claims against Monsanto. And any claimant who wished to dispute his or her ineligibility was required to submit that dispute to the Special Master.

Ms. Reyes-Hernandez met neither of these conditions. On December 19, 2020, she executed an incomplete Enrollment Form lacking information about the Roundup products she

1

used and the setting in which she used them.  That form confirmed that she was neither a U.S. citizen nor a legal resident.  She, of course, remained free to continue prosecuting her personal injury case or to seek her own settlement with Monsanto.  But unbeknownst to Monsanto until the filing of this lawsuit, seven months later her lawyers voluntarily dismissed her claim without prejudice on the assertion that "United States Citizenship is required."  Ms. Reyes-Hernandez retained new counsel and re-filed her personal injury lawsuit, then brought claims under 42 U.S.C. § 1981 against her former lawyers and Monsanto.

The Court should dismiss with prejudice this § 1981 case against Monsanto for failure to state a claim.  *First*, Ms. Reyes-Hernandez has not plausibly alleged that Monsanto discriminated against her on the basis of her citizenship, nor could she because the plain language of the MSA permits non-citizens to participate.  *Second*, Monsanto's entering into settlements with other Roundup users did not impair any contractual right that she held.  Her transmittal of an incomplete Enrollment Form to her counsel did not create a contract for payment between her and Monsanto. Without such a contract, Ms. Reyes-Hernandez had no inherent right to settlement, which she could in any event continue to negotiate independent of the MSA.  *Third,* she cannot plausibly allege that her lack of citizenship, rather than her incomplete paperwork, was the but-for cause of her non-participation in Holland Law Firm's MSA.  At bottom, this lawsuit seeks an end-run around the binding arbitration that the MSA required her to pursue.  *Fourth*, Ms. Reyes-Hernandez's lawsuit was filed more than two years after Monsanto executed the MSA that she claims discriminated against her, so the statute of limitations has lapsed.  *Finally*, Ms. Reyes-Hernandez lacks standing to pursue relief on behalf of the nebulous group of individuals whose rights she seeks to vindicate in a lawsuit she brings solely in her individual capacity.

Notwithstanding the multiple bases for her ineligibility, Monsanto remains willing to allow Ms. Reyes-Hernandez to participate in the MSA and obtain the award that would have been allocated to her under that agreement.

## BACKGROUND[1]

### A.     The Master Settlement Agreement with Holland Law Firm

On July 29, 2019, Ms. Reyes-Hernandez and twenty-four others sued Monsanto in Missouri state court, alleging that their use of Roundup caused them to develop non-Hodgkin's lymphoma ("NHL").  Compl. ¶ 20.[2]  Each of those plaintiffs, along with 3,415 others, were represented by at least three law firms:  Holland Law Firm LLC; Ketterer, Browne, & Associates, LLC; and GED Lawyers LLP.  *Id.* ¶¶ 19, 24.

On September 10, 2020, Monsanto entered into an agreement with Holland Law Firm



---

[1] The facts recited here are drawn from the Complaint and documents incorporated into the Complaint by reference — including the MSA and Ms. Reyes-Herndandez's Enrollment Form, *see* Compl. ¶¶ 23–26 — which may be considered by the Court in deciding a motion to dismiss pursuant to Rule 12(b)(6).  *United States ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014).  Monsanto assumes the truth of the allegations referenced herein only for purposes of this motion and reserves the right to dispute any of Plaintiff's allegations.

[2] Non-Hodgkin's lymphoma is a cancer that starts in white blood cells, which are part of the body's immune system.  According to the American Cancer Society, NHL "is one of the most common cancers in the United States, accounting for about 4% of all cancers."  American Cancer Society, *Key Statistics for Non-Hodgkin Lymphoma*, https://www.cancer.org/cancer/non-hodgkin-lymphoma/about/key-statistics.html (last revised Jan. 12, 2023).



As relevant here, the MSA also required legal immigration status as a condition of participation. *Id.* § 2.1(c) (requiring "U.S. citizenship or legal resident status"); *id.* § 2.2(a) (excluding from participation individuals "who are not United States citizens or legal residents, or United States citizens and legal residents who used or were exposed to Roundup only outside of the United States").

**B.    Ms. Reyes-Hernandez's Enrollment Form**

Ms. Reyes-Hernandez signed and dated her Enrollment Form December 19, 2020.



Ms. Reyes-Hernandez left multiple questions unanswered, including an identification of the Roundup products to which she claimed exposure (Question 5) and whether she used products commercially, agriculturally, or residentially (Question 6). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ Her Enrollment Form nonetheless confirmed that she is neither a citizen nor a legal resident of the United States. ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ms. Reyes-Hernandez does not allege that she ever appealed to the Special Master her ineligibility to participate in the MSA.[3]

### C.   Holland Law Firm's Voluntary Dismissal of Ms. Reyes-Hernandez's Personal Injury Lawsuit

The Enrollment Form that Ms. Reyes-Hernandez signed informed her that if she was ineligible to participate in the MSA, she could continue to litigate her claims against Monsanto.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ Notwithstanding that provision, on July 27, 2021, Holland Law Firm sent Ms. Reyes-Hernandez a letter by FedEx, informing her that "United States citizenship is required in

---

[3] Nor does she allege that Monsanto's consent was ever solicited for her to participate in the MSA notwithstanding her incomplete Enrollment Form, or lack of citizenship or legal residency status, and Monsanto is not presently aware of any such requests from her or her counsel.

order for us to continue pursuing your claim."  Compl. Ex. A, at 1; *see also* Compl. ¶ 29.  Based on Ms. Reyes-Hernandez's confirmation to Holland Law Firm in an attorney-client privileged phone call that she was not a U.S. citizen, Holland Law Firm; Ketterer, Browne, & Associates, LLC; and GED Lawyers LLP terminated their representation of Ms. Reyes-Hernandez and voluntarily dismissed her personal injury lawsuit against Monsanto without prejudice.   Compl. Ex. A, at 1; *see also* Compl. ¶ 29.  Holland Law Firm's letter makes no mention of the MSA or Monsanto.  *See* Compl. Ex. A, at 1.

Ms. Reyes-Hernandez retained new counsel and re-filed her personal injury lawsuit. Compl. ¶ 31.  That lawsuit remains pending in Missouri state court.  *Id.*

### D.       Ms. Reyes-Hernandez's Civil Rights Lawsuit

On January 19, 2023, Ms. Reyes-Hernandez filed this action alleging that Monsanto and her prior law firms violated her civil rights under 42 U.S.C. § 1981.  Her first cause of action, asserted against her prior law firms only, alleges that those firms violated § 1981 by terminating her retainer contract on the basis of citizenship.  This motion to dismiss is directed against her second cause of action, asserted against both Monsanto and her prior law firms, which claims that Defendants violated § 1981 by disallowing her participation under the MSA.

Although insisting that "[t]his case is about *Plaintiff Elvira Hernandez's* rights," Compl. ¶ 1 (emphasis added), the Complaint seeks to enjoin Monsanto from excluding *any* non-citizen from future Roundup settlements, to require Monsanto to "identify *all individuals* who have been excluded" from settlements in the past, and to notify *those individuals* that they may be entitled to relief.  *Id.* at Prayer for Relief (b), (c), (f), (g) (emphasis added).

### LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), Ms. Reyes-Hernandez must plead facts sufficient to state a claim that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Complaint cannot rest on mere possibility or on allegations that are "merely consistent with" Defendants' liability. *Iqbal*, 556 U.S. at 678. Instead, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although the Court must accept well-pleaded allegations as true for purposes of a Rule 12(b)(6) motion, it need not accept "a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Nor must the Court credit factual allegations if they are contradicted by materials that the Complaint incorporates by reference. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (court is not required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit").

"When a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend." *Jackson v. Michalski*, No. 3:10-cv-00052, 2011 WL 3679143, at *4 (W.D. Va. Aug. 22, 2011).

## ARGUMENT

To state a plausible claim for relief under 42 U.S.C. § 1981, Ms. Reyes-Hernandez must allege that (1) Monsanto "intended to discriminate on the basis of [alienage]," (2) "the discrimination interfered with a contractual interest," and (3) the interference "would not have happened but for the plaintiff's [alienage]." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022). Instead, her Complaint and the documents incorporated therein make plain that (1) the MSA lawfully conditioned participation on legal immigration status, not alienage; (2) Ms. Reyes-Hernandez's ability to enter into a settlement contract to resolve her personal injury suit with Monsanto was unimpeded by Monsanto's entry into a contract to settle other Roundup plaintiffs' claims; and (3) Ms. Reyes-Hernandez was denied the ability to particulate in the MSA for a separate, non-discriminatory reason: she sent her lawyers paperwork that was only partially

complete.  Separately, Ms. Reyes-Hernandez's lawsuit against Monsanto is time-barred, and she lacks standing to pursue relief on behalf of other allegedly-injured parties.

## I.   The Complaint Fails to State a § 1981 Claim Against Monsanto.

### A.   The MSA Does Not Discriminate on the Basis of Alienage.

Ms. Reyes-Hernandez's assertion "upon information and belief" that Monsanto "excluded non-United States citizens from the Roundup Settlement Program because of their alienage," Compl. ¶ 32, is precisely the type of "naked assertion" of a legal conclusion that *Iqbal* prohibits. 556 U.S. at 678 (citation omitted); *see also Streno v. Shenandoah Univ.*, 278 F. Supp. 3d 924, 930–31 (W.D. Va. 2017) (declining to credit allegation "upon information and belief" that university had disciplined heterosexual and gender-conforming students more leniently than LGBTQ students).  What's more, it is directly contradicted by the MSA that Ms. Reyes-Hernandez incorporated into her Complaint, which explicitly ***permits*** non-citizen legal residents to participate. Truax Decl. Ex. 1, Master Settlement Agreement § 2.1(c).[4]  To be eligible, a claimant must have ***either*** "U.S. citizenship ***or*** legal resident status."  *Id.* (emphasis added).[5]  And conditioning settlement participation on an individual's lawful residency status does not violate § 1981.

Indeed, multiple courts in this and other circuits have held that alienage—*i.e.* citizenship—is "distinct from that person's immigration status,"[6] with only the former being protected under

---

[4] Ged Lawyers LLP's motion to dismiss repeatedly asserts — based on a conclusory statement in the Complaint, Compl. ¶ 4 — that Monsanto alone crafted this immigration status provision.  The MSA says otherwise: ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[5] Nor are U.S. citizens automatically eligible for participation.  Instead, citizens must meet a variety of additional criteria, including exposure to Roundup within the United States.  Truax Decl. Ex. 1, Master Settlement Agreement § 2.2(a).

[6] The Immigration and Nationality Act provides for four main categories of immigration status in the United States:  U.S. citizens, lawful permanent residents, non-immigrants (*e.g.*, foreign residents visiting temporarily for business or leisure), and undocumented immigrants.  Alleged

§ 1981. *De Reyes v. Waples Mobile Home Park Ltd. P'ship*, 205 F. Supp. 3d 782, 797 n.19 (E.D. Va. 2016) (declining to contract with undocumented immigrants "does not run a foul of § 1981," which "does not protect" undocumented immigrants "as a class"*), vacated on other grounds*, 903 F.3d 415 (4th Cir. 2018); *see also Resendiz v. Exxon Mobil Corp.*, No. 5:20-cv-00692-M, 2021 WL 4444718, at *4 (E.D.N.C. Sept. 28, 2021) (refusal to hire individuals with temporary work authorizations does not violate § 1981, because a plaintiff's "status as an immigrant is not the same as his status as a noncitizen for purposes of determining whether unlawful discrimination has occurred"); *Ofoche v. Apogee Med. Grp., P.C.*, No. 4:18-cv-00006, 2018 WL 4512076, at *7 (W.D. Va. Sept. 20, 2018) (dismissing complaint where "[a] fair reading of his allegations establishes that the only discrimination, if any, that occurred was discrimination against Plaintiff based on his immigration status"); *De Reyes v. Waples Mobile Home Park Ltd. P'ship*, 251 F. Supp. 3d 1006, 1022 (E.D. Va. 2017) ("[A]ny burden or barrier the female plaintiffs faced was the result of their status as illegal aliens, not because they were non-citizens. And § 1981 does not prohibit this."), *vacated on other grounds*, 903 F.3d 415; *Vaughn v. City of N.Y.*, No. 06-CV-6547 (ILG), 2010 WL 2076926, at *10 (E.D.N.Y. May 24, 2010) ("It is critical to note [under § 1981] that alienage discrimination is discrimination on the basis of citizenship status, not immigrant status. Discrimination on the basis of a person's status as an immigrant to the United States is not alienage discrimination unless it is also motivated by the lack of U.S. citizenship.").[7] Thus, Ms.

---

"[d]iscrimination against a specific class of non-citizens" does not violate § 1981. *Camara v. Schwan's Food Mfg., Inc.*, No. 04-CV-00121, 2005 WL 1950142, at *6 (E.D. Ky. Aug. 15, 2005).

[7] Alleged discrimination on the basis of national origin similarly falls outside the gambit of § 1981. *See, e.g.*, *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987) ("If respondent on remand can prove that he was subjected to intentional discrimination based on the fact that he was born an Arab, rather than solely on the place or nation of his origin, or his religion, he will have made out a case under § 1981."); *Nnadozie v. Genesis HealthCare Corp.*, 730 F. App'x 151, 157 (4th Cir. 2018) ("[A]llegations of discrimination based purely on national origin are insufficient to state a Section 1981 claim.").

Reyes-Hernandez fails to plausibly allege that Monsanto discriminated against her on the basis of citizenship.

Indeed, if anyone unlawfully discriminated against Ms. Reyes-Hernandez, it was not Monsanto.  On July 27, 2021 — more than ten months after the MSA was executed and more than seven months after Ms. Reyes-Hernandez filled out her Enrollment Form — her counsel dismissed her lawsuit on the claim that "United States citizenship is required."  Compl. Ex. A, at 1.[8]  Ms. Reyes-Hernandez's counsel did not copy Monsanto or indicate that their dismissal of her claim had anything to do with Monsanto or the MSA.  Nor could they, because (a) the MSA did not "require[]" U.S. citizenship, and (b) the Enrollment Form that Monsanto and Holland Law Firm agreed to as part of the MSA informed all claimants that ████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████  Simply put, Ms. Reyes-Hernandez alleges no facts that would enable the Court to reasonably infer that Monsanto had anything to do with this attorney-client communication.[9]  The logical inference is not that *Monsanto* imposed a citizenship

---

[8] Ms. Reyes-Hernandez alleges that "seven months after she signed onto the Program, her lawyers told her she was ineligible because she was not a U.S. citizen."  Compl. ¶ 4.  Yet the letter she attaches reflects that her lawyers told her only that "United States citizenship is required in order for *us* to continue pursuing your claim," not that citizenship was required for participation in any settlement.  Compl. Ex. A, at 1 (emphasis added).  To the extent her lawyers informed her that her lack of citizenship made her ineligible to participate in the MSA, her lawyers misstated the terms of the MSA.

[9] Ms. Reyes-Hernandez cannot even plausibly allege that Monsanto *knew* she lacked U.S. citizenship or legal residency status. ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████

requirement, but that Ms. Reyes-Hernandez's *own lawyers* imposed their own citizenship requirement.

### B.   The Complaint Fails to Plausibly Allege that Monsanto Interfered with Ms. Reyes-Hernandez's Right to Contract.

"Any claim brought under § 1981 must identify an impaired 'contractual relationship' under which the plaintiff has rights."  *Melvin v. U.S.A. Today*, No. 3:14-CV-00439, 2015 WL 251590, at *8 (E.D. Va. Jan. 20, 2015).  But Ms. Reyes-Hernandez's Enrollment Form did not create a contract with Monsanto, and she otherwise fails to identify any plausible contractual right with which Monsanto interfered.

*First*, Ms. Reyes-Hernandez pleads that she was deprived of "the opportunity to receive fair compensation for the damages she suffered."  Compl. ¶ 34.  But the MSA that Monsanto signed did not require her to dismiss her lawsuit. ████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████  In any event, Ms. Reyes-Hernandez's counsel dismissed her personal injury lawsuit *without prejudice*, Compl. Ex. A, at 1, and she has since "file[d] a new lawsuit reasserting the claims she originally asserted," Compl. ¶ 35, which "remains pending," *id.* ¶ 31.  Thus, she remains able to seek fair compensation for the damages that she alleges from a jury of her peers.

*Next*, Ms. Reyes-Hernandez claims that she was deprived of the "right to participate in the Roundup Settlement Program" and forced to "engage in protracted contested litigation."  *Id.* ¶¶ 35, 57.  But there is no inherent "right" to a settlement, and being compelled to prove one's case by a preponderance of the evidence is not injury.  *See Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 435 (4th Cir. 2006) ("[A] plaintiff must establish the loss of an actual, not speculative or prospective, contract interest."); *Bongam v. Action Toyota, Inc.*, 14 F. App'x 275, 280–81 (4th Cir.

2001) (driving harder bargains with individuals of a certain race does not interfere with a right to contract under § 1981); *Carpenter v. Barber*, No. 3:17-cv-523, 2018 WL 6440884, at *6 (E.D. Va. Dec. 7, 2018) (no contractual right to be hired for a job).

*Melvin v. U.S.A. Today* is on all fours.  There, the plaintiff brought suit under § 1981 against various newspapers after they declined to report about administrative proceedings and civil actions she had filed against the federal government.  The court dismissed her complaint, holding that the plaintiff did not "have a 'right' to have the newspapers cover her civil actions" and that "[w]ithout any such right, she has not alleged any facts showing the existence of a contract with the Globe, Sun–Times, or the newspaper defendants, which is fatal to her § 1981 claim."  *Melvin*, 2015 WL 251590, at *8.

That equally dooms Ms. Reyes-Hernandez's claim against Monsanto here.  Although Ms. Reyes-Hernandez contends that she "accepted the settlement offer" and that Monsanto subsequently "reneged," Compl. ¶¶ 3–4, transmittal of an Enrollment Form and other Required Submissions to her counsel did not create a contract between her and Monsanto or entitle her to payment under the MSA.[10]  The Enrollment Form instructs claimants that ████████████ ██████████████████████ — *i.e.*, that submission did not create a "right" to payment. ████ ███████████████████████████ "Without any such right," Ms. Reyes-Hernandez "has not alleged any facts showing the existence of a contract" with Monsanto, "which is fatal to her § 1981 claim." *Melvin*, 2015 WL 251590, at *8.

*Finally*, Ms. Reyes-Hernandez alleges that she was deprived of the right "to make and enforce a settlement agreement with Defendants Monsanto and Bayer."   Compl. ¶ 56.  In June

---

[10] ████████████████████████████████████████████████ ████████

2020, Monsanto announced agreements to resolve approximately 75 percent of all Roundup claims. *See* Press Release, Bayer, Bayer Announces Agreements to Resolve Major Legacy Monsanto Litigation (June 24, 2020), https://www.bayer.com/media/bayer-announces-agreements-to-resolve-major-legacy-monsanto-litigation; *see also* Compl. ¶¶ 3, 22 (alleging that Monsanto has "set aside approximately $9 billion" to settle Roundup lawsuits). Since then, "approximately 96,000 total claims[] have been finalized, are in the final stages of resolution or involve claims that are not eligible." Press Release, Bayer, Bayer Announces Five-Point Plan to Effectively Address Potential Future Roundup Claims (May 27, 2021), https://www.bayer.com/media/bayer-announces-five-point-plan-to-effectively-address-potential-future-rounduptm-claims. In short, Monsanto has not shied away from resolving claims amicably where it is in the company's best interests to do so. Ms. Reyes-Hernandez is as free to engage in settlement negotiations with Monsanto today as she was when she first filed her personal injury lawsuit.

### C.   The Complaint Fails to Plausibly Allege that Ms. Reyes-Hernandez Would Have Been Eligible to Participate in the MSA But For Her Citizenship.

Section 1981 requires a plaintiff to show that "the interference with a contractual interest would not have happened but for the plaintiff's [alienage]." *Nadendla*, 24 F.4th at 305 (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020)). That showing requires the Court to ask, "what would have happened if the plaintiff had been [a U.S. citizen]?" *Comcast*, 140 S. Ct. at 1015. If Ms. Reyes-Hernandez still would not have been eligible to participate in the MSA, her § 1981 claim must fail. *See Best Med. Int'l, Inc. v. Wells Fargo Bank, N.A.*, 937 F. Supp. 2d 685, 695 (E.D. Va. 2013) ("[a] prima facie case of § 1981 discrimination requires plaintiff to show that she "met the requirements needed to enter into such

contract," but was "denied a contractual agreement that was available to members outside the protected class").

Ms. Reyes-Hernandez cannot show that her citizenship was the but-for cause of her ineligibility to participate in the MSA.  As described in the MSA, an individual must have been

Plaintiff failed to produce this information.

Thus, even if she were a U.S. citizen or a lawful resident, the Claims Administrator still would have rejected her Enrollment Form.

## II. Ms. Reyes-Hernandez's § 1981 Claim Against Monsanto Is Time-Barred Under Virginia's Two-Year Statute of Limitations.

In *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987), the Supreme Court held that "[b]ecause § 1981 . . . does not contain a statute of limitations, federal courts should select the most appropriate or analogous state statute of limitations." Three years later, on December 1, 1990, Congress enacted 28 U.S.C. § 1658, which provides that "a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than four years after the cause of action accrues." Addressing the interplay between *Goodman* and

14

§ 1658, the Supreme Court held in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004), that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990 — and therefore is governed by § 1658's 4-year statute of limitations — if the plaintiff's claim against the defendant was made possible by a post–1990 enactment." Accordingly, if Ms. Reyes-Hernandez could have brought her claim under "the pre–1990 version of § 1981," then her claim is subject to the statute of limitations set forth in *Goodman*. *Id.* at 383. But if her claim was made possible only by subsequent amendments to § 1981, the four-year limitations period in § 1658 applies.

Congress amended § 1981 only once, in 1991. That amendment effectively overruled the Supreme Court's decision in *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989), making "claims based on conduct occurring *after* the formation of the contractual relationship (post-formation conduct) . . . actionable under § 1981." *James v. Cir. City Stores, Inc.*, 370 F.3d 417, 421 (4th Cir. 2004) (emphasis added).

Ms. Reyes-Hernandez never had a contractual relationship with Monsanto, so Monsanto could not have engaged in discriminatory conduct after any such a contract was formed. Indeed, whereas Ms. Reyes-Hernandez alleges that she "contracted with [her] lawyers" to "litigate her claim," Compl. ¶ 4, as to Monsanto she alleges that she was *"excluded"* from entering into a contract to settle her claims, *id.* ¶ 28 (emphasis added). And to the extent Ms. Reyes-Hernandez's allegations stem from the contract Monsanto entered into with Holland Law Firm, her claim is based on alleged eligibility criteria set forth in that contract, which by definition would have been drafted *before* the contract was executed. Truax Decl. Ex. 1, Master Settlement Agreement § 2.1(c). Indeed, the Complaint does not contain *any* allegations of conduct by Monsanto after the MSA was signed on September 10, 2020. *Compare* Compl. ¶ 28 ("Then, in July 2021, *the*

*Defendant Firms* notified Plaintiff that she was excluded . . . ." (emphasis added)). ████

████████████████████████████████████████████████████████████████

████████████        ██████████████████████████████████████

Accordingly, the Court must look to "the most appropriate or analogous state statute of limitations." *Goodman*, 482 U.S. at 660.

As the Fourth Circuit has recognized, that statute of limitations is "the state statute applicable to personal injury claims," which is two years in Virginia. *James*, 370 F.3d at 420; *see also* Va. Code. § 8.01-243(A) (personal injury claims "shall be brought within two years after the cause of action accrues"). Moreover, the statute of limitations begins to run at "the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful." *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981).

Because Monsanto had no role in administering the settlement program, the latest date on which the two-year statute of limitations could have begun to run against Monsanto is September 10, 2020 — the date Monsanto signed the MSA. Truax Decl. Ex. 1, Master Settlement Agreement at 44.[11]  Accordingly, the statute of limitations expired on September 12, 2022 — more than four months before Ms. Reyes-Hernandez filed her claim.[12]

---

[11] The Complaint is devoid of any facts about when the allegedly-discriminatory eligibility criteria were negotiated.  The Complaint alleges that agreement was reached between Monsanto and Holland Law Firm "[a]round June 2020," Compl. at ¶ 22, which would start the clock even sooner.

[12] Because September 10, 2022 was a Saturday, the limitations period was extended to Monday, September 12, 2022.  *See* Va. Code. § 1-210(C).  Notably, even if the clock started to run only once Plaintiff executed her Enrollment Form noting that she was not a citizen or legal resident, her claim would have expired on December 19, 2022, a full month before she filed her Complaint.

III.   **Ms. Reyes-Hernandez Lacks Standing to Pursue Relief on Behalf of All Non-Citizens.**

Notwithstanding that Ms. Reyes-Hernandez brings this suit solely in her individual capacity, her Complaint seeks relief on behalf of *all* non-citizens who *were ever* or *might ever* be excluded from *any* past or future Roundup settlement (to the extent any such individuals even exist).  Compl. at Prayer for Relief (b), (c) (seeking to "enjoin Defendants from denying non-United States citizens" the ability to participate in future settlement agreements that Monsanto might consummate with other plaintiff lawyers); *id.* at Prayer for Relief (f) (seeking to force Monsanto to "identify all individuals who have been excluded from . . . settling a claim relating to Roundup due to their citizenship status, and to notify all such individuals of the potential violation of their rights"); *id.* at Prayer for Relief (g).  This she cannot do.  A plaintiff "has standing to seek redress for injuries done to [her], but may not seek redress for injuries done to others."  *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972).  Put differently, a plaintiff's suit is "confined to redress for violation of [her] own personal rights and not one by [her] as a knight-errant for all."  *Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981); *see also Bilello v. Kum & Go, LLC*, 374 F.3d 656, 660–61 (8th Cir. 2004) ("If minority individuals patronizing Kum & Go stores located east of 42nd Street are being refused access to restroom facilities, then *those individuals* or persons related to or associated with them may file a section 1981 action." (emphasis added)); *Rountree v. Clarke*, No. 7:11-CV-00572, 2014 WL 4923964, at *15 (W.D. Va. Mar. 24, 2014) (holding under 42 U.S.C. § 1983 that plaintiff "simply has no standing to vindicate the rights of all FCCW prisoners, as she is attempting to do"), *report and recommendation adopted in relevant part*, 2014 WL 4923163 (W.D. Va. Sept. 30, 2014).

"[A] plaintiff must demonstrate standing separately for each form of relief sought." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006); *see also Town of Chester v. Laroe*

*Ests., Inc.*, 581 U.S. 433, 439 (2017) ("[A] plaintiff who has standing to seek damages must also demonstrate standing to pursue injunctive relief." (citing *Los Angeles v. Lyons*, 461 U.S. 95, 105–06 & n. 7 (1983))).  Because Ms. Reyes-Hernandez has no standing to pursue injunctive or other relief on behalf of anyone other than herself, such prayers for relief should be dismissed.  *See Falwell v. City of Lynchburg*, 198 F. Supp. 2d 765, 771 (W.D. Va. 2002) ("[I]f a plaintiff cannot establish standing to sue, relief from this Court is not possible, and dismissal under 12(b)(1) is the appropriate disposition." (quoting *Am. Fed'n of Gov't Emps., Loc. 2119 v. Cohen*, 171 F.3d 460, 464 (7th Cir. 1999))).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Ms. Reyes-Hernandez's Complaint with prejudice.

DATED: April 19, 2023                    Respectfully Submitted,

*/s/ Sumner T. Truax*
Kendall Burchard (VA Bar #95710)
Michael X. Imbroscio (admitted *pro hac vice*)
Sumner T. Truax (admitted *pro hac vice*)
Covington & Burling LLP
850 Tenth St. NW
Washington, D.C. 20001
Telephone: 202.662.6000
mimbroscio@cov.com
kburchard@cov.com
struax@cov.com

Gregory L. Halperin (admitted *pro hac vice*)
Covington & Burling LLP
620 Eighth Avenue
New York, NY 10018
Telephone: 212.841.1000
ghalperin@cov.com

*Attorneys for Defendants Monsanto Co. and Bayer Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify on this 19th day of April, 2023, that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Respectfully Submitted,

*/s/ Sumner T. Truax*

Sumner T. Truax

19